UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>vs.<br><br>BENYIAHIA HEBBAR,<br><br>                         Defendant. | Case No.  2:16-cr-00328-JCM-GWF<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 47), filed on June 8, 2017.  The Government filed its Response (ECF No. 48) on June 16, 2017.  Defendant did not file a reply brief and the time to file a reply has now expired.

## BACKGROUND

      On August 15, 2016, the Government filed a criminal complaint against Defendant charging him with possession of a machine gun in violation of 26 U.S.C. § 5861(d) and 5871.  ECF No. 1.  The indictment in this case charges Defendant with one count of unlawful receipt or possession of an unregistered firearm in violation of 26 U.S.C. § 5812, 5861(b), and 5871.  ECF No. 18.  Defendant moves for dismissal of count one of the indictment, unlawful possession of a machine gun, based on the Second Amendment of the United States Constitution.

      Defendant argues that he has a right to possess a machine gun pursuant to the Second Amendment and *District of Columbia v. Heller,* 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).  He argues that pursuant to *Heller*, the right to bear arms for self defense is an individual right and the machine gun he possessed should be protected by the Second Amendment.  *Motion to Dismiss* (ECF No. 47), pg. 3.  The Government argues that because machine guns are considered dangerous and

unusual weapons under *Heller* and its progeny, the Second Amendment does not apply to machine guns. *Response* (ECF No. 48), pg. 4. Further, the Government argues that Defendant was nonetheless charged and in violation of law imposing conditions and qualifications on the commercial sale of arms because he possessed a firearm that was not registered to him. *Id.* at pg. 6.

## DISCUSSION

The Second Amendment provides that "the right to the people to keep and bear arms shall not be infringed." The right to bear arms is an individual right. *D.C. v. Heller*, 554 U.S. 570, 591, 128 S. Ct. 2783, 2797, 171 L. Ed. 2d 637 (2008). The right, however, is not unlimited. *Id.* at 2799. The Second Amendment does not protect those weapons "not typically possessed by law-abiding citizens for lawful purposes." *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012) (quoting *Heller*, 554 U.S. at 625, 128 S.Ct. 2783)). "Under *Heller*, individuals still do not have the right to possess machine guns or short-barreled rifles. . .," *United States v. Gilbert*, 286 F. App'x 383, 386 (9th Cir. 2008); *Henry*, 688 F.3d at 640. "Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use." *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008). *See also United States v. McCartney*, 357 F. App'x 73, 76 (9th Cir. 2009).

Defendant's argument lacks merit. Defendant fails to set forth sufficient grounds to dismiss count one of the indictment charging him with unlawful possession of a machine gun in violation of 26 U.S.C. § 5812, 5861(b), and 5871. His possession of an unregistered machine gun is not protected by the Second Amendment. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 47) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of July, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge