UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-328 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BENYIAHIA HEBBAR, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"), recommending that defendant Benyiahia Hebbar's motion to dismiss (ECF No. 47) the indictment (ECF No. 18) be denied. (ECF No. 52). No objections have been filed, and the deadline for filing objections has passed. This court adopts the magistrate judge's recommendation and denies the motion to dismiss.

**I. Facts**

This case is about whether the Second Amendment right to keep and bear arms includes the right to keep and possess an unregistered machine gun.

On August 12, 2016, FBI agents arrested defendant Hebbar for possessing a machine gun not registered in National Firearms Registration and Transfer Record. (ECF No. 1 at 4).

On August 15, 2016, the government filed a criminal complaint charging Hebbar with possession of a machine gun in violation of 26 U.S.C. §§ 5861(d) and 5871. *Id.* at 1.

On November 9, 2016, a federal grand jury returned an indictment against Hebbar charging him with one count of unlawful receipt or possession of an unregistered firearm in violation of 26 U.S.C. §§ 5812, 5841, 5861(b) & (d), and 5871. (ECF No. 18).

**James C. Mahan**
**U.S. District Judge**

On June 8, 2017, Hebbar filed a motion to dismiss count one of the indictment (ECF No. 47), to which the government filed a response (ECF No. 48). In the R&R, the magistrate judge recommends denying Hebbar's motion. (ECF No. 52).

**II.   Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, the court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

**III.   Discussion**

Here, Hebbar moves for dismissal of count one of the indictment. (ECF No. 47). He argues that the Second Amendment of the United States Constitution guarantees the right to possess a machine gun for self-defense. *Id*. In support, Hebbar cites to the Supreme Court's holding in *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008). *Id.*

In response, the government argues that machine guns are "dangerous and unusual weapons," to which the Second Amendment does not apply. (ECF No. 48 at 4). Further, the government contends that "[Hebbar] is charged with receiving and possessing a firearm that was not registered pursuant to the requirements of 26 U.S.C. § 5812." *Id.* at 6. The government argues

that, in *Heller*, the Supreme Court held that laws regulating the commercial transfer of firearms are constitutional. *Id.*

In the instant R&R, the magistrate judge recommends that defendant's motion to dismiss be denied, finding Hebbar's "possession of an unregistered machine gun is not protected by the Second Amendment." (ECF No. 52 at 2). This court agrees.

### A. Dangerous and unusual weapon

The Second Amendment states that "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The right to keep and bear arms is "an individual right," but it is not unlimited: "the right [to bear arms is] not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 595, 626.

In particular, "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *Id.* at 625. A machine gun is a dangerous and unusual weapon not typically possessed by law-abiding citizens for a lawful purpose. *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012).

Hebbar does not have a Second Amendment right to receive and possess a fully automatic Colt AR-15, 5.56 mm caliber rifle. It is a machine gun and a dangerous and unusual weapon. (ECF No. 18); 26 U.S.C. § 5845(b). Therefore, as the magistrate judge noted, Hebbar's motion does not provide grounds for dismissal of the indictment against him.

### B. Registration of a firearm

Furthermore, Hebbar is not merely charged with possession of a machine gun; rather, Hebbar is charged with possession of an unregistered machine gun. (*See* ECF No. 18). Pursuant to 26 U.S.C. § 5861 subsections (b) and (c), it is unlawful for any person to receive or possess a firearm transferred in violation of a provision of Chapter 26 and receive or possess an unregistered firearm. 26 U.S.C. § 5861(b) & (c). It is well established that statutes requiring the registration of a firearm, and making it unlawful for any person to possess or receive an unregistered firearm, do not infringe on a person's Second Amendment right to keep and bear arms. *See United States v. Tomlin*, 454 F.2d 176, 176 (9th Cir. 1972).

James C. Mahan
U.S. District Judge

- 3 -

Therefore, even if the Second Amendment did include the right to possess a dangerous and unusual weapon, Hebbar's charge would still stand because the Second Amendment does not protect the receipt or possession of an unregistered machine gun.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 52) be, and the same hereby are, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendant Benyiahia Hebbar's motion to dismiss (ECF No. 47) be, and the same hereby is, DENIED.

DATED August 18, 2017.

_____
UNITED STATES DISTRICT JUDGE