DUSTIN R. MARCELLO, ESQ.
Nevada Bar No. 10134
**PITARO & FUMO, CHTD.**
601 Las Vegas Blvd. S.
Las Vegas, NV 89101
(702) 474-7554 Fax
(702) 474-4210
Attorney for Defendant: BENYIAHIA HEBBAR

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:16-mj-00564-NJK |
| Plaintiff, | |
| vs. | **MOTION TO WITHDRAW GUILTY PLEA** |
| BENYIAHIA HEBBAR, | |
| Defendant | |

COMES NOW, Defendant BENYIAHIA HEBBAR ("HEBBAR"), by and through his counsel of record, DUSTIN R. MARCELLO, ESQ., of the law firm of PITARO & FUMO, CHTD., hereby moves this Honorable Court to allow Defendant BENYIAHIA HEBBAR ("Hebbar") to withdraw his previously entered guilty plea.

This Motion is made and based upon all the papers and pleadings on file herein, the attached points and authorities in support hereof, and oral argument at the time of hearing, if deemed necessary by this Honorable Court.

DATED this 18th day of February 2018

**PITARO & FUMO, CHTD.**

/s/ Dustin R. Marcello, Esq..

DUSTIN R. MARCELLO, ESQ.
Nevada Bar No.: 10134

## MEMORADUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

### The Incident

The case against Hebbar is straightforward. An Informant claims Hebbar wanted to purchase a firearm from the Informant. The Informant, working at the direction of the Government, claims he negotiated to sell Hebbar a stolen machine gun. The Informant provided photographs of an AR-15 and claims he told Hebbar the gun in the picture was a machine gun stolen from a train. The Informant then met Hebbar and produced an inoperable AR-15 that the Informant claims was wanted for purchase by Hebbar. Agents then arrested Hebbar. This case followed.

///

**The Complaint**

On August 15, 2016, Defendant, BENYIAHIA HEBBAR ("Hebbar") was charged by way of Criminal Complaint with one (1) Count of Possession of a Machine Gun in violation of 26 United States Code 5861(d) and 5871. (Doc. 1)

**Arraignment and Detention**

Hebbar appeared for initial arraignment on August 15, 2016. The Federal Public Defender's Office was initially appointed. (Doc. 4). After a detention hearing, Hebbar was ordered detained pending trial based on a finding he represented a flight risk and danger to the community. (Doc. 6).

**The Indictment**

On November 9, 2016 a Grand Jury returned an Indictment charging Hebbar with one (1) Count of Unlawful Receipt or Possession of an Unregistered Firearm in violation of 26 U.S.C. 5812, 5861, and 5871. (Doc. 18).

**Plea Agreement**

The initial plea agreement was filed on September 14, 2017.

According to the Agreement, Hebbar was pleading guilty to the unlawful receipt or possession of an unregistered firearm in violation of 26 U.S.C. Sections 5812 and 5861 (b). (Doc. 57, pp. 3-4). The Agreement contained give numerated paragraphs of facts in support of the elements of the offense being pled. Id, at 5-6.

The Agreement called for a base offense level of 18 adjusted to 15 based on a reduction for acceptance and timeliness. (Doc. 57, p. 7).  Hebbar's anticipated criminal history category was I.

The Government explicitly stated in the Agreement it would argue for the low end of the guidelines.  (Doc. 57, p. 10-1).

**Change of Plea Hearing**

The initial change of plea took place on September 29, 2017. (Doc. 62).  It appears after this hearing, a modified plea agreement was filed with the Court.  The essential terms and facts alleged remained the same.  The plea agreement filed on September 29, 2017, was signed and dated by all parties (Doc. 62, p. 14).

**Lack of Knowledge of Charges and Legal Defenses**

Hebbar was initially appointed Monique Kirtly, Esq., ("Ms. Kirtly") to represent him in this case.  Ms. Kirtly was appointed to represent September 27, 2016. (Doc. 11).  After the filing of a number of documents by Hebbar, Ms. Kirtly withdrew from representation on January 11, 2017.  (Doc. 37).  Thereafter, attorney John George, Esq. ("Mr. George") was appointed to represent Hebbar. (Doc. 38).

According to Hebbar, Mr. George spoke in general terms but never provided specific information or advice about a defense strategy.  Additionally, Hebbar claims he was yelled at and mistreated by Mr. George sufficient that

Hebbar believes he was bullied into taking an offer. Specifically, Hebbar claims he never reviewed the United States Code, never was provided information as the CHS in this case, and was never advised that he could file a motion to dismiss the case based on Government misconduct in based on the Government's use of a lying informant to prosecute Hebbar.

Hebbar further asserts that other than discussing the moral question of guilt or innocence, there was no discussion of the legal defenses or strategies that could be asserted to prove Hebbar's innocence. Hebbar claims that George told him if he didn't plead guilty Mr. George would not ask questions at trial and that Hebbar would be convicted and spend more time in prison than if he plead guilty. Additionally, Hebbar claims Mr. George, told Hebbar that he would have to admit guilt in order to present a defense.

### Threat of Additional Charges

Hebbar claims that the prosecutor threatened Hebbar with further charges or with more time if he did not accept a plea. Specifically, Hebbar claims the Government informed him they would seek a more stringent sentence and add a charge for possession of a machine gun.

### Motion to Withdraw Plea

Following entry of the plea, but before sentencing, Mr. George withdraw from representation on December 14, 2017. Thereafter on December 22, 2017,

current counsel was appointed. After numerous meetings and discussion on the pros and cons of seeking withdrawal of a plea, current Counsel now files this Motion to Withdraw Plea at the direction of Hebbar based on the issues herein. Sentencing is currently scheduled for February 28, 2018.

## ARGUMENT

### HEBBAR SHOULD BE PERMITTED TO WITHDRAW HIS PLEA

### Legal Standard Under Fed. R. Crim. Proc. 32

A criminal defendant is allowed to withdraw a plea of guilty at any time before sentencing after proffering any "fair and just" reason for the plea to be withdrawn.[1]  In this respect, the Advisory Committee on Criminal Rules has offered the following statement regarding what circumstances should be considered in determining the "fair and just" standard:

> Although the terms "fair and just" lack any pretense of scientific exactness, guidelines have emerged in the appellate cases for applying this standard. Whether the movant has asserted his legal innocence is an important factor to be weighed, as is the reason why the defenses were not put forward at the time of the original pleading.

---

[1] Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995) (construing the version of Rule 11(d)(2)(B) that used to be placed in Fed. R. Crim. P. 32(e)); *cf. United States v. Ruiz*, 257 F.3d 1030, 1031 (9th Cir. 2001) (*en banc*) ("the 'fair and just standard' applies to any motion for plea withdrawal that is made prior to a defendant's sentencing."). Withdrawal of a guilty plea before sentencing is liberally granted although withdrawal is not granted as a matter of right. *See United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984).

> The amount of time which has passed between the plea and the motion must also be taken into account.
>
> Fed. R. Crim. P. 32 advisory committee's note (1983) (citations and internal quotation marks omitted)
>
> The defendant has the burden of demonstrating the existence of at least one of these conditions.  *See* Fed.R.Crim.P. 11(d)(2)(B); *cf. United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005).

While there is no per se right to withdrawal, the standard is liberally construed in favor of defendants whose requests should be normally be freely granted.  As the Committee Note indicates, the burden is to prove the existence of a basis of the fair and just reason, with nothing more required.  Once the existence of a basis is proven a Defendant has met his burden to show a fair and just reason for withdrawal is present and relief should be granted.

Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citation omitted); *accord United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).  "While the defendant is not permitted to withdraw his plea 'simply on a lark,' the 'fair and just standard' is generous and must be applied liberally." *McTiernan*, 546 F.3d at 1167 (*quoting United States v. Hyde*, 520 U.S. 670, 676-

77, 117 S. Ct. 1630, 137 L. Ed. 2d 935 (1997)). Thus, "a defendant does not have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing." *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005); *see also United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005) ("[We have] squarely rejected the proposition that the fact that a plea is voluntary, knowing, and intelligent forecloses an attempt to withdraw it prior to sentencing."). Nor must the defendant "proclaim his innocence." *Garcia*, 401 F.3d at 1012.

### Timeliness

Related to the fair and just standard is the question of timeliness in seeking to withdraw a plea. The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996).

### Lack of Prejudice

Hebbar sought to withdraw his plea almost immediately after it was entered. There was a minor delay when prior counsel withdraw, but it was not a significant period of time. There would be very little prejudice to the Government in trying this case. It is essentially just one informant and a case agent testifying at a trial. There is no complexity of the issues and this is a very straightforward

case. There would be no prejudice to the Government either through spoliation of evidence or expenditure of resources. Accordingly, this factor weighs in favor of allowing Hebbar to withdraw his plea.

**HEBBAR'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY WITH FULL KNOWLEDGE OF THE CASE AGAINST HIM AND AFTER BEING AWARE OF DEFENSES HE HAD TO THE CHARGES AGAINST HIM**

As noted above, one factor to consider is whether a guilty plea was entered into knowingly and voluntarily. A plea can be rendered involuntary if it is the product of an objectively reasonable misapprehension of law and facts. Further, a defendant must be fully aware of the consequences of his plea and the plea must not be the product of duress.

When the basis for withdrawal is erroneous or inadequate legal advice, the defendant's burden is simply to show that proper advice "could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the [grounds] prior to pleading." *Garcia*, *supra* 401 F.3d at 10121011-12. The defendant need not show that a legal argument foregone as a result of incorrect or incomplete advice would have been "successful on its merits." *McTiernan*, 546 F.3d at 1168.

In this case, Hebbar was not made aware as to facts substantially affecting the credibility of the confidential informant in this case. Since pleading, Hebbar

claims evidence that can be presented at an evidentiary hearing showing the confidential informant was lying as to his interactions with Hebbar.  This case is based almost exclusively on the testimony of the informant claiming Hebbar wanted to purchase and was intending to purchase a machine gun or unregistered firearm from the informant.  Hebbar contends that there was never an agreement to purchase a firearm, but even if there was there certainly was no agreement to purchase any type of illegal firearm and that the informant, for selfish benefit, lied about his interactions with Hebbar in order to facilitate charging Hebbar in this case.

After pleading in September, Hebbar was made aware of the investigation done by Jeff Danik, retired FBI Agent that acted as an investigator on the case.  Mr. Danik provided information that the Informant had engaged in illegal activities and had attempted to defraud Hebbar before making him a target for the FBI.  Moreover, there was information showing that the Informant had fostered inappropriate relationships when acting as an informant, had financial transactions with people he would then testify against as an Informant, and had engaged in stealing personal identifiers of others.  This information appears to be documented to Hebbar's prior attorney after the plea.  It may still be protected by attorney client privilege until it is formally waived by Hebbar and is not being attached to

this Motion, but can be provided either at the direction of the Court or during an evidentiary hearing if it is granted.

Had Hebbar been aware of the information regarding the Informant and a defense strategy attacking proof that Hebbar knowingly engaged in illegal activity, Hebbar would not have accepted the plea and would have elected to go to trial. Accordingly, Hebbar should be permitted to withdraw his plea.

### HEBBAR'S PLEA IS VOID AS IT WAS INDUCED BY ACTUAL THREAT OR DELEMUS' REASONABLE BELIEF THAT THE GOVERNMENT WOULD SEEK MORE CHARGES AGAINST HIM IF HE REFUSED TO CHANGE HIS PLEA

Given that a plea of guilty waives a plethora of constitutional rights afforded criminal defendants it must be the product of a knowing and intelligent act, entered into voluntarily, with free and unrestrained will. *See Haynes v. State of Washington*, 373 U.S. 503, 514 (1963); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) (explaining that a guilty plea is valid only if voluntarily and intelligently made). A plea is void if it is "induced by promises or threats which deprive it of the nature of a voluntary act." *Machibroda v. United States*, 368 U.S. 487, 493 (1972). The subjective state of mind of the accused is relevant to the inquiry. *See Miller v. Fenton*, 474 U.S. 104, 113-16 (1985).

A plea is void if it is "induced by promises or threats which deprive it of the nature of a voluntary act." *Machibroda v. United States*, 368 U.S. 487, 493 (1972).

Prior to entering the plea, Hebbar claims that it was made known to him that if he did not accept the Government's plea offer that the Government would seek a more severe sentence and would add charges alleging possession of a machine gun against Hebbar. This fear, if established, would entitle Hebbar to relief as his plea would be void.

### HEBBAR ASSERTS HIS LEGAL INNOCENCE TO THE CHARGES TO WHICH HE HAS PLEAD

The assertion of a claim of innocence is another relevant factor in the application of Fed. R. Crim. P. 32(e)'s fair and just reason standard. *See United States v. Horne,* 987 F.2d 833, 837 (D.C. Cir. 1993); *cf. United States v. Ford*, 993 F.2d 249, 251 (D.C. 1993) (explaining a court must consider whether a defendant has asserted a viable claim of innocence).

Hebbar agreed to the statutory elements of the offenses under the advice of Counsel, but was continuously asserting his innocence to the main contention at issue – whether Hebbar actually intended to engage in illegal conduct.

### HEBBAR REQUESTS AN EVIDENTIARY HEARING ON THE ISSUES RAISED IN THIS MOTION

The evidentiary hearing would be limited to the following issues: (1) Was Hebbar aware of all defenses prior to entering the plea, (2) Whether Hebbar was aware of evidence showing the informant was a liar, self-interested and had a financial interest in Hebbar's prosecution, (3) whether Hebbar entered the plea based on threats by the Government, (4) and other factor showing Hebbar's plea was not free and knowingly made.  It is respectfully requested that an evidentiary hearing granted to establish a record of any and all factual assertions entitling Hebbar to relief.

## CONCLUSION

Based on the forgoing, it is respectfully requested that this Court permit Hebbar to withdraw his previously accepted plea of guilty.


## CERTIFICATE OF SERVICE

On February 18, 2018, the undersigned caused a true and correct copy of the aforementioned **MOTION TO WITHDRAW PLEA** via the ECF system.

**PITARO & FUMO, CHTD**.

/s/ Dustin R. Marcello, Esq.          .
Dustin R. Marcello, Esq.
601 S. Las Vegas Blvd.
Las Vegas, Nevada 89104
(702)474-7554 F: (702)474-4210
Dustin.fumolaw@gmail.com