UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-328 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BENYIAHIA HEBBAR, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 93). The government filed an objection to the R&R (ECF No. 101), to which the defendant replied (ECF No. 105).

**I.   Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**II.   Discussion**

The FBI conducted an investigation of defendant from May to August 2016 in regard to several home invasion robberies he was allegedly planning. (ECF No. 93). The investigation included the use of three confidential sources ("CS-1, CS-2, and CS-3"). *Id.* CS-1 introduced defendant to CS-2, but contact between defendant and CS-2 ceased after a short period of time. *Id.* CS-1 also introduced defendant to CS-3 in June 2016. *Id.* Shortly after making the

introduction, CS-1 left the jurisdiction and was no longer involved in the investigation, but defendant and CS-3 maintained contact. *Id.*

On August 4, 2016, defendant met with CS-3. (ECF No. 101). CS-3 recorded the meeting. *Id.* During the meeting, defendant allegedly asked CS-3 to get him a gun for a robbery, specifically stating he wanted an UZI or AK-47. *Id.* On August 11, 2016, CS-3 again met with defendant and recorded the meeting. *Id.* CS-3 showed defendant photos of a fully automatic AR-15. *Id.* Defendant told CS-3 that this was the type of gun he was looking for. *Id.* The government contends that CS-3 specified that this was a fully automatic weapon. *Id.*

On August 12, 2016, defendant purchased the gun from CS-3. (ECF No. 101). This meeting was also recorded. *Id.* After defendant had placed the gun in the trunk of his car and had entered the driver's seat, defendant was arrested by the FBI. *Id.*

Defendant's interactions with CS-3 and subsequent purchase of the gun form the basis for the indictment. (ECF Nos. 19, 93). On September 14, 2017, defendant pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5812 and 5861(b). (ECF No. 57).

In the report and recommendation, Magistrate Judge Foley found that defendant's arguments (1) that his attorney failed to properly represent him and bullied him into pleading guilty and (2) that the prosecutor threatened to file additional charges against him if he did not plead guilty, lacked merit and did not warrant withdrawal of defendant's plea. (ECF No. 55). However, Magistrate Judge Foley did find that defendant's subsequent discovery of alleged misconduct by a confidential source in an unrelated case provided a fair and just reason for the defendant to withdraw his guilty plea. (ECF No. 55). Accordingly, Magistrate Judge Foley recommends that the court grant the defendant's motion to withdraw his guilty plea. *Id.* The government objects to Magistrate Judge Foley's finding that the confidential source's misconduct provided a fair and just reason for withdrawal and asks the court to reject the report and recommendation. (ECF No. 101).

"Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty prior to the imposition of sentence if he can show a fair and just reason for requesting the withdrawal." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008)

(quoting *United States v. Hyde*, 520 U.S. 670, 676-77 (1997)). "The defendant is not permitted to withdraw his guilty plea simply on a lark." *Id.* "In this Circuit, fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* However, allowing a defendant "to withdraw his guilty plea merely because he changed his mind would undermine Rule 11's purpose and reduce plea proceedings to a time-consuming formality with no lasting effect." *United States v. Rios-Ortiz*, 830 F.2d 1067, 1070 (9th Cir. 1987). A court should consider several factors when determining whether withdrawal of a guilty plea is warranted, including: "[w]hether the movant has asserted his legal innocence," and "[t]he amount of time which has passed between the plea and the motion." *McTiernan*, 546 F.3d at 1167 (quoting FED. R. CRIM. P. 32 advisory committee note). "The defendant bears the burden of establishing that withdrawal is warranted. *Id.* at 1166-67.

In *McTiernan*, the court held that ineffective legal advice regarding the viability of pretrial motions could warrant withdrawal of a guilty plea. 546 F.3d at 1167. In that case, the defendant pleaded guilty but then sought to withdraw his plea, claiming his attorney failed to advise him he could file a pretrial motion to suppress. *Id.* at 1165, 1167-68. The court found that proper legal advice about the pretrial motion, based on the facts known to counsel at the time of the plea, "could have at least plausibly motivated a reasonable person in [defendant's] position not to have pled guilty[.]" *Id.* at 1168.

Additionally, a defendant can seek to withdraw his guilty plea on the basis of newly discovered evidence. *United States v. Garcia*, 401 F.32d 1008, 1011-12 (9th Cir. 2005). A defendant need not show that the newly discovered evidence exonerates him or would reasonably lead to an acquittal at trial, but "newly discovered evidence wholly unrelated to a defendant's case would surely not entitle him to withdraw his guilty plea[.]" *Garcia*, 401 F.3d at 1011.

A defendant carries the burden to show that the evidence is "new" and relates to his "factual guilt or innocence." *United States v. Bryant*, 557 F.3d 489, 495 (7th Cir. 2009) (citing *Garcia*, 401 F.3d at 1011-12). In *Garcia*, the court found that a declaration from a witness discovered subsequent to the defendant's guilty plea was a 'fair and just' reason to withdraw. 401 F.3d at

1013. The newly discovered witness's declaration directly contradicted part of a prior witness's statement incriminating the defendant, "thus rais[ing] new questions about [the defendant's] involvement in the illegal activity[.]" *Id.* at 1011.

Here, months after defendant pleaded guilty, "a defendant in a wholly unrelated criminal case made allegations that CS-1 acted improperly *in that case*." (ECF No 79). These subsequent allegations of misconduct against CS-1 formed the basis for Magistrate Judge Foley's recommendation that defendant be able to withdraw his guilty plea. (ECF No. 93).

The government objects to Magistrate Judge Foley's finding, arguing that the allegations against CS-1 do not represent a 'fair and just' reason for granting withdrawal of defendant's plea. (ECF No. 101). The court agrees.

While the court is not to determine whether an asserted legal defense or newly discovered evidence would ultimately exonerate the defendant, the defendant bears the burden of showing that the newly discovered evidence raises questions as to his guilt. *See Garcia* 401 F.3d at 1111; *Bryant*, 557 F.3d at 495.

Here, the court does not find that the 'newly discovered' evidence defendant references in his motion to withdraw plea—allegations of misconduct against CS-1 in a wholly unrelated case—are sufficiently connected to defendant's guilt or innocent to warrant withdrawal of his plea. *See Garcia* 401 F.3d at 1111; *Bryant*, 557 F.3d at 495. The court agrees with the government that the standard espoused by the court in *McTiernan* related to ineffective assistance of counsel, and not newly discovered evidence, as is the case here. (ECF No. 101). Nonetheless, even if known at the time of his guilty plea, the court finds that CS-1's alleged misconduct would not have plausibly persuaded a reasonable person in defendant's position to change his plea. *See McTiernan*, 546 F.3d at 1168.

CS-1 did not participate in the meetings regarding the automatic firearm or its actual sale, the conduct for which defendant pleaded guilty. CS-1's only involvement was introducing defendant to CS-3. In fact, CS-1 had left the district before defendant inquired about purchasing a gun from CS-3. Unlike in *Garcia* where the newly discovered evidence directly contradicted a prior witness's statement incriminating the defendant, here the court is unconvinced that CS-1's

alleged misconduct in a wholly separate case has any bearing on defendant's guilt or innocence as to the possession of an unregistered firearm charge.

Even if CS-1 is found to have committed misconduct in the other case, it is unclear how, if at all, such a finding would impact defendant's case. Had CS-1 been involved in the sale or the preceding meetings, the court agrees that allegations of CS-1's impropriety in other cases would be relevant. However, CS-1 had no involvement in the sale of the firearm—the crime defendant pleaded guilty to. Accordingly, even assuming admissibility, use of CS-1's alleged misconduct for impeachment purposes would prove ineffective. Further, every meeting CS-3 had with defendant was recorded. Any doubt as CS-3's conduct or the content of their interactions can thus easily be verified.

While the court agrees with Magistrate Judge Foley that the 'fair and just' standard is a permissive standard, in order to meet that standard, a defendant seeking to withdraw his plea based on newly discovered evidence must at least evince a basic nexus between the new evidence and the offense for which he pleaded guilty. *See Garcia* 401 F.3d at 1111; *Bryant*, 557 F.3d at 495. Such a nexus does not exist here. Because CS-1's alleged misconduct in another case does not raise any questions as to the defendant's conduct in this case, the court will not elect to adopt Magistrate Judge Foley's recommendation and thus will deny defendant's motion to withdraw plea.

**III.     Conclusion**

For the reasons stated in the R&R and as stated above, the court will adopt Magistrate Judge Foley's recommendation denying defendant's arguments that (1) his attorney failed to represent him and bullied him into pleading guilty and (2) that the government threatened to levy more charges against him if he did not plead guilty. (ECF No. 93). However, the court will not adopt Magistrate Judge Foley's finding that the subsequently discovered allegations against CS-1 in a separate case represented a 'fair and just' reason to withdraw defendant's plea. *Id.* Accordingly, the court will deny defendant's motion to withdraw plea. (ECF No. 75).

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 93) be, and the same hereby is, adopted in part and rejected in part consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to withdraw plea (ECF No. 75) be, and the same hereby is, DENIED.

DATED June 19, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**