UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BENYIAHIA HEBBAR,<br><br>Defendant(s). | Case No. 2:16-CR-328 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Beniyihia Hebbar's motion to dismiss the petition to revoke supervised release. (ECF No. 153). The government has filed a response (ECF No. 155), to which defendant replied (ECF No. 156).

On March 11, 2019, the court issued an arrest warrant for defendant based on alleged violations of his terms of supervised release. (ECF Nos, 140, 141). On March 22, 2019, the court released the defendant on a personal recognizance bond. (ECF No. 142).

At some point thereafter, Immigrant and Customs Enforcement ("ICE") placed defendant into immigration detention pursuant to the Immigration and Naturalization Act ("INA") in compliance with pending removal proceedings. *See* (ECF No. 153, 155). On March 28, 2019, the court granted the government's petition for *writ of habeus corpus ad prosequendum* to ensure defendant's appearance for his revocation hearing. (ECF No. 149).

Defendant argues that the court should dismiss the petition to revoke supervised release because his immigration detention violates his right to pretrial release under the Bail Reform Act of 1984 ("BRA"). (ECF No. 53). The court disagrees.

Defendant cites various district court cases holding that a defendant on release pursuant to the BRA cannot be detained in immigration custody. (ECF No. 153). While the Ninth Circuit has

**James C. Mahan**
**U.S. District Judge**

not directly addressed this question of law, other appellate courts have held that release pursuant to the BRA does not preclude immigration detention. *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018); *United States v. Vasquez-Benitez*, 919 F.3d 546, 553–54 (D.C. Cir. 2019).

A review of the respective statutes confirms that ICE can fulfill its statutory duties under INA without impairing the court's ability to ensure that criminal defendants appear at their judicial proceedings. Indeed, such is the case here. Therefore, because the BRA does not conflict with the INA, the court will deny defendant's motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 153) be, and the same hereby is, DENIED.

DATED April 29, 2019.

_____
UNITED STATES DISTRICT JUDGE